UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW KROPP,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFERY SCOTT,<br><br>    Defendant. | Case No. 18-cv-01549-SI<br><br>**ORDER SETTING DEADLINES, DENYING REQUEST FOR APPOINTMENT OF COUNSEL, AND STRIKING AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 28, 29, 32 |

Defendants have filed a request for extension of the deadline to file a dispositive motion. Upon due consideration, the request is GRANTED. Docket No. 28. Defendants' motion for summary judgment filed on February 15, 2019, is deemed to have been filed on time. No later than **June 7, 2019**, plaintiff must file and serve his opposition to the motion for summary judgment. No later than **June 21, 2019**, defendants must file and serve their reply brief, if any, in support of the motion for summary judgment.

Plaintiff has filed a motion for appointment of counsel to represent him in this action and for a 60-day extension of the deadline to file an opposition to the motion for summary judgment. Docket No. 32. Upon due consideration, the court grants the request for an extension of the deadline to file an opposition to the motion for summary judgment; the deadline set in the above paragraph gives plaintiff more than additional 60 days to file his opposition to the motion for summary judgment. The court denies the request for appointment of counsel, however. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This

requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. Although plaintiff suffered serious injuries when he was shot by defendant, the video evidence in the record shows that plaintiff was shot while he and a second inmate were beating a third inmate who was lying on the ground, and that this incident transpired while many guards were responding to an attack in which a different inmate was beaten and stabbed to death by other inmates in the same prison yard. The evidence suggests a very low likelihood of success on the excessive force claim – both on the merits and because of the qualified immunity defense. Plaintiff also has been able to articulate his claims adequately. For these reasons, the motion for appointment of counsel is DENIED. Docket No. 58.

Shortly before defendants filed their motion for summary judgment, plaintiff filed an amended complaint. A party may amend his pleadings once as a matter of course within 21 days after serving it or, if it is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or a Rule 12 motion. *See* Fed. R. Civ. P. 15(a)(1). Plaintiff's amended complaint was not filed within the time provided in Rule 15(a)(1): the amended complaint was not filed until almost five months after service of process on defendant occurred and about four months after defendant had filed his waiver of reply and demand for a jury trial. *See* Docket Nos. 21, 22. After the time period in Rule 15(a)(1) for amendment as a matter of course has ended, a plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff did not have defendant's written consent to file an amended complaint and did not file a motion to amend seeking leave of court to file the amended complaint. The amended complaint itself does not explain why it is being filed at such a late date or show that justice requires granting plaintiff leave to amend. At a quick glance, the amended complaint appears to add a new legal theory (state law assault and battery) against the named defendant; plaintiff has not explained whether more of the pleading has been changed. For these reasons, the amended complaint is STRICKEN from the record because it

was filed improperly. If the pending motion for summary judgment is not granted, the court will entertain a motion to amend filed after the court issues a ruling on the pending motion for summary judgment.

**IT IS SO ORDERED**.

Dated: April 3, 2019

SUSAN ILLSTON
United States District Judge